UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIE DEFEO,

          Plaintiff,

     - against –

TAMARAC ADMINISTRATIVE SERVICES LLC
and NEW ROCHELLE ADMINISTRATORS LLC,

          Defendants.
------------------------------------------------------------x

**Verified Complaint**

Case No.: 08 CV 0148

BRIEANT

Plaintiff Marie DeFeo ("DeFeo" or "Plaintiff"), by her attorney, Jonathan P. Arfa, P.C., complaining of Defendants Tamarac Administrative Services LLC ("Tamarac") and New Rochelle Administrators LLC ("NRA" which, together with Tamarac, jointly are referred to as "Defendants"), alleges as follows:

### Nature Of The Action

1.     Plaintiff brings this action alleging that during the period commencing on or about August 20, 2004 and continuing through on or about June 30, 2006, Defendants Tamarac and NRA failed and refused to pay Plaintiff at the applicable overtime rate of one and one-half times

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Plaintiff's regular hourly rate of pay for all compensable hours of work performed by her for Defendants in excess of forty (40) hours in each workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law and the regulations promulgated thereunder ("NYLL").

3. Plaintiff alleges that she performed services for both Defendants Tamarac and NRA and that they are joint employers of Plaintiff and both are legally responsible for the conduct alleged herein and for the violations of the FLSA and NYLL.

4. Plaintiff alleges that Defendants Tamarac and NRA violated their obligations under the FLSA and the NYLL by deliberately misclassifying Plaintiff as a salaried exempt employee when, in fact, Plaintiff was not exempt from the overtime provisions of the FLSA and NYLL.

5. Plaintiffs allege that Defendants Tamarac and NRA knowingly, intentionally and willfully engaged in such conduct in violation of both the FLSA and NYLL.

6. Accordingly, Plaintiff seeks unpaid compensation, 100% of said sum in liquidated damages pursuant to 29 U.S.C. § 216(b) and 25% liquidated damages pursuant to the NYLL and interest, attorneys' fees, and costs.

### Jurisdiction And Venue

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 because the action involves a Federal Statute, 29 U.S.C. §§ 201, 216 (b) and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

9. Defendant Tamarac is subject to personal jurisdiction in the State of New York because it is physically located at 44 South Broadway, White Plains, New York, New York 10601 and employs individuals and transacts business at said location.

10. Defendant NRA is subject to personal jurisdiction in the State of New York because it is physically located at 44 South Broadway, White Plains, New York, New York 10601 and employs individuals and transacts business at said location.

### The Parties

11. At all times relevant herein, and as of the date of filing of this Complaint, Plaintiff DeFeo was a resident of the County of Westchester, State of New York.

12. Upon information and belief, Defendant Tamarac is a foreign

limited liability corporation doing business in the State of New York and maintains its principal place of business in New York and is physically located at 44 South Broadway, White Plains, New York, 10601.

13. Upon information and belief, Defendant NRA is a New York limited liability company doing business in the State of New York and maintains its principal place of business in New York and is physically located at 44 South Broadway, White Plains, New York, 10601.

14. At all times relevant herein, both Defendants Tamarac and NRA were joint employers of Plaintiff and each and both were and are legally responsible for all of the unlawful conduct, policies, acts and omissions as described in this Complaint as the employer of Plaintiff.

15. At all times relevant herein, Defendants Tamarac and NRA were both employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206 *et seq.*.

16. At all times relevant herein, Defendants Tamarac and NRA were both employers within the meaning of NYLL.

17. At all times relevant herein, Plaintiff performed services for both Defendants which were engaged in commerce within the meaning of 29 U.S.C. §§ 206 *et seq*.

18. The overtime wage provisions set forth in the FLSA and the

NYLL apply to both Defendants Tamarac and NRA.

19.   Plaintiff's job was not a position, nor did it involve work that falls within any exception or exemption to the overtime payment provisions of the FLSA or NYLL.

20.   At all times relevant herein, Plaintiff was an employee within the meaning of the FLSA and NYLL.

### *Factual Allegations*

21.   Plaintiff commenced employment with Defendants in or about August, 2004 as a legal assistant performing services on a daily basis for both Defendants Tamarac and NRA.

22.   Plaintiff held that position until her employment was terminated by Defendants in July, 2006.

23.   Plaintiff's responsibilities included, but were not limited to calendar and docket control, dictation and typing, correspondence, filing, review and drafting of e-mails, processing and monitoring regulatory matters, filings and forms, tracking litigation events and matters related thereto.

24.   Defendants improperly treated Plaintiff as exempt from the overtime pay requirements of the FLSA and NYLL.

25.   Plaintiff does not qualify as an exempt employee under applicable Federal and New York State statutes and regulations.

26. Plaintiff regularly worked more than forty (40) hours per week for Defendants.

27. Defendants knew that Plaintiff worked more than forty (40) hours per week for Defendants and knowingly accepted the fruits thereof.

28. Defendants misclassified Plaintiff as exempt from overtime pay requirements of the FLSA and the NYLL despite her regular performance of non-exempt duties in order to avoid paying overtime compensation to her.

29. Plaintiff notified Defendants that she was not an exempt employee and that she was entitled to overtime pay.

30. Defendants rejected Plaintiff's request for payment of overtime compensation and claimed that "all employees here [referring to White Plains location] are management".

31. Plaintiff continued to complain to Defendants about Defendants' violation of the law by failing and refusing to pay her overtime compensation and Defendants terminated her employment as a result of such complaints.

32. Defendants did not pay Plaintiff for hours she worked in excess of forty (40) per week at a rate of one-an-one-half times her regular rate of pay.

*As And For A First Claim for Relief*
*Under the FLSA:*
*Unpaid Overtime Compensation*

33.  Plaintiff re-alleges, restates and incorporates by reference the preceding paragraphs of this Complaint as if fully alleged and set forth herein.

34.  Because Defendants willfully violated the FLSA by misclassifying Plaintiffs as an exempt employee, a three-year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255.

35.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and have knowingly, intentionally and willfully violated their wage payment obligations thereunder.

36.  As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation and is entitled to recovery of such amounts, an equal amount of liquidated damages, interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 2 16(b) all in amounts to be determined at trial but believed to be not less than Ninety Thousand ($90,000) Dollars.

*As And For A Second Claim For Relief*
*Under New York Labor Law:*
*Unpaid Overtime Compensation*

37.  Plaintiff re-alleges, restates and incorporates by reference the preceding paragraphs of this complaint as if fully alleged and set forth herein.

38. Defendants have not made a good faith effort to comply with the NYLL with respect to its compensation of Plaintiff and have knowingly, intentionally and willfully violated their wage payment obligations thereunder.

39. As a result of Defendants' violations of the NYLL, Plaintiff has suffered damages by being denied overtime wages pursuant to the NYLL and is entitled to recovery of such amounts, 25% of such amount as liquidated damages, interest, attorneys' fees, and costs all in amounts to be determined upon trial of this action but believed to be not less than Ninety Thousand ($90,000) Dollars.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid overtime wages and an equal amount constituting liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations in an amount to be determined upon trial of this action but believed to be not less than Ninety Thousand ($90,000) Dollars;

B. Unpaid overtime wages and liquidated damages equal to 25% thereof pursuant to NYLL Article 6, §§ 190 *et seq.*, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations promulgated thereunder in an amount to be determined upon trial of this action but believed to be not less than Ninety Thousand ($90,000) Dollars;

    C.    Interest, attorneys' fees and costs and

such other relief as this Court shall deem just and proper.

Dated:    White Plains, New York
              January 8, 2008

                        JONATHAN P. ARFA, P.C.
                        Attorney for Plaintiff Marie DeFeo

                        By: _____
                        Jonathan P. Arfa (JA 3611)
                        4 Gannett Drive
                        White Plains, New York 10604
                        Tel: 914.694.1000
                        Fax: 914.694.1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARIE DEFEO,

                Plaintiff,                                  <u>Verification</u>

            – against –                            Case No.:

TAMARAC ADMINISTRATIVE SERVICES LLC
and NEW ROCHELLE ADMINISTRATORS LLC,

                Defendants.
------------------------------------------------------------------x
STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF WESTCHESTER    )

      Marie DeFeo, being duly sworn, says that she is the Plaintiff above named; that she has read the foregoing Complaint and knows the contents thereof; that the same is true to her knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters she believes them to be true.

                                                        _____
                                                               Marie DeFeo

Sworn to before me this 8th
day of January, 2008

_____
Notary Public

            Jonathan Arfa
     Notary Public, State of New York
         No.: 02AR4668899
     Qualified in Westchester County
   Commission Expires July 31, 20__