UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404
Attorneys of Record for Defendants
Tamarac Administrative Services, LLC and
New Rochelle Administrators, LLC:
    Joseph M. Martin (JM 0354)
    Michael A. Frankel (MF 9712)

---------------------------------------------------------------X
MARIE DEFEO,                                    :
                                               Plaintiff,   :   Case No. 08-CIV-0148 (CLB)(MDF)

                  - against -              :
                                                     :   DEFENDANTS' ANSWER
TAMARAC ADMINISTRATIVE         :   TO COMPLAINT
SERVICES, LLC and NEW ROCHELLE :
ADMINISTRATORS LLC,            :

                                         Defendants.  :
---------------------------------------------------------------X

        Defendants Cypress Administrative Services, LLC (improperly referred to by its former name, Tamarac Administrative Services, LLC) and New Rochelle Administrators, LLC, (hereinafter collectively referred to as "Defendants"), by and through their undersigned attorneys, Jackson Lewis LLP, for their Answer to Plaintiff's Complaint herein state as follows:

## AS TO "NATURE OF THE ACTION"

        1.    Defendants deny each and every allegation set forth in Paragraph "1" of Plaintiff's Complaint, except admit that Plaintiff purports to bring this action for damages for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. ¶¶ 201 et seq. ("FLSA") and under the New York Labor Law and the regulations promulgated thereunder ("NYLL").

2. Defendants deny each and every allegation set forth in Paragraph "3" of Plaintiff's Complaint.

3. Defendants deny each and every allegation set forth in Paragraph "4" of Plaintiff's Complaint.

4. Defendants deny each and every allegation set forth in Paragraph "5" of Plaintiff's Complaint.

5. Defendants deny each and every allegation set forth in Paragraph "6" of Plaintiff's Complaint, except admit that Plaintiff purports to bring this action for damages for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. ¶¶ 201 et seq. ("FLSA") and under the New York Labor Law and the regulations promulgated thereunder ("NYLL").

## AS TO "JURISDICTION"

6. Defendants deny each and every allegation set forth in Paragraph "7" of Plaintiff's Complaint, except admit Plaintiff purports that jurisdiction is proper.

7. Defendants deny each and every allegation set forth in Paragraph "8" of Plaintiff's Complaint, except admit Plaintiff purports that venue is proper.

8. Defendants deny each and every allegation set forth in Paragraph "9" of Plaintiff's Complaint, except admit Cypress Administrative Services, LLC is located at 44 South Broadway, White Plains, New York 10601 and that it is duly authorized to conduct business in the State of New York.

9. Defendants deny each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint, except admit New Rochelle Administrators, LLC is located at 44 South Broadway, White Plains, New York 10601 and that it is duly authorized to conduct business in the State of New York.

## AS TO "THE PARTIES"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

11. Defendants deny each and every allegation set forth in Paragraph "12" of Plaintiff's Complaint, except admit Cypress Administrative Services, LLC is located at 44 South Broadway, White Plains, New York 10601 and that it is duly authorized to conduct business in the State of New York.

12. Defendants deny each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint, except admit New Rochelle Administrators, LLC is located at 44 South Broadway, White Plains, New York 10601 and that it is duly authorized to conduct business in the State of New York.

13. Defendants deny each and every allegation set forth in Paragraph "14" of Plaintiff's Complaint.

14. Defendants neither admit nor deny the allegations contained in Paragraph "15" of Plaintiff's Complaint since these allegations constitute conclusions of law as to which no response is required.

15. Defendants neither admit nor deny the allegations contained in Paragraph "16" of Plaintiff's Complaint since these allegations constitute conclusions of law as to which no response is required.

16. Defendants deny each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint, except admit that Plaintiff worked for Defendants at certain times and state that to the extent the allegations constitute conclusions of law, no response is required thereto.

17. Defendants neither admit nor deny the allegations contained in Paragraph "18" of Plaintiff's Complaint since these allegations constitute conclusions of law as to which no response is required.

18. Defendants deny each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint.

19. Defendants neither admit nor deny the allegations contained in Paragraph "20" of Plaintiff's Complaint since these allegations constitute conclusions of law as to which no response is required, except admit that Plaintiff worked for Defendants at certain times.

### AS TO THE "FACTUAL ALLEGATIONS"

20. Defendants deny each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint, except admit Plaintiff worked for Defendants at certain times.

21. Defendants deny each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint, except admit Plaintiff worked for Defendants at certain times.

22. Defendants deny each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint, except admit Plaintiff worked for Defendants at certain times.

23. Defendants deny each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

24. Defendants deny each and every allegation set forth in Paragraph "25" of Plaintiff's Complaint.

25. Defendants deny each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint.

26. Defendants deny each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint.

27. Defendants deny each and every allegation set forth in Paragraph "28" of Plaintiff's Complaint.

28. Defendants deny each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

29. Defendants deny each and every allegation set forth in Paragraph "30" of Plaintiff's Complaint.

30. Defendants deny each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

31. Defendants deny each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint.

### AS TO THE "FIRST CLAIM FOR RELIEF UNDER THE FLSA: UNPAID OVERTIME COMPENSATION"

32. Defendants repeat and reallege their responses to Paragraphs "1" through "32" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 33 of the Complaint.

33. Defendants deny each and every allegation set forth in Paragraph "34" of Plaintiff's Complaint.

34. Defendants deny each and every allegation set forth in Paragraph "35" of Plaintiff's Complaint.

35. Defendants deny each and every allegation set forth in Paragraph "36" of Plaintiff's Complaint.

## AS TO THE "SECOND CLAIM FOR RELIEF UNDER NEW YORK LABOR LAW: UNPAID OVERTIME COMPENSATION"

36. Defendants repeat and reallege their responses to Paragraphs "1" through "36" of the Complaint inclusive, as if set forth fully herein in response to Paragraph 37 of the Complaint.

37. Defendants deny each and every allegation set forth in Paragraph "38" of Plaintiff's Complaint.

38. Defendants deny each and every allegation set forth in Paragraph "39" of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred under the doctrine of accord and satisfaction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") or any equivalent New York state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. Defendants have fully compensated Plaintiff for all hours worked.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. Any act or omission on the part of Defendants was in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the Complaint is barred.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

46. Any act or omission on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FLSA or New York Labor Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

47. Plaintiff's Complaint fails to state a claim upon which pre-judgment and post-judgment interest or liquidated damages or attorneys' fees may be awarded.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

48. The Complaint is barred, in whole or in part, by the doctrine of Payment.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

49. The Complaint is barred, in whole or in part, by the doctrine of Release.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

50. Without admitting that Plaintiff was subject to the overtime provisions of the FLSA or any equivalent New York state law, Plaintiff was paid properly under all applicable wage and hour laws.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

51.   Defendants reserve all other defenses available under the Fair Labor Standards Act and the New York Labor Law.

**WHEREFORE**, Defendants respectfully request that this Court:

a.   dismiss the Complaint in its entirety, with prejudice;

b.   deny each and every prayer for relief set forth in the Complaint;

c.   award Defendants their reasonable attorneys' fees and costs incurred in defending against Plaintiff's baseless and frivolous action; and

d.   grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, 15th Fl.
White Plains, New York 10601
(914) 328-0404

By: _____
Joseph M. Martin (JM 0354)
Michael A. Frankel (MF 9712)

ATTORNEYS FOR DEFENDANTS

Dated: February 27, 2008
       White Plains, New York

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIE DEFEO,

                    Plaintiff,

    - against -

TAMARAC ADMINISTRATIVE
SERVICES, LLC and NEW ROCHELLE
ADMINISTRATORS LLC,

                  Defendants.
------------------------------------------------------------X

Case No. 08-CIV-0148 (CLB)(MDF)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer has been served via First Class mail, postage pre-paid, on February 27, 2008 on counsel for Plaintiff at the address listed below:

        Jonathan P. Arfa, P.C.
        4 Gannett Drive
        White Plains, New York 10604
        (914) 694-1000
        *Attorneys for Plaintiff*

_____
                Joseph M. Martin